IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROGRESSIVE PREMIER INSURANCE )
COMPANY OF ILLINOIS, )
 )
           Plaintiff, )
 )
 v. ) No. 09 C 139
 )
FAIRFIELD MOTOR SERVICES, et al., )
 )
           Defendants. )

## MEMORANDUM ORDER

Progressive Premier Insurance Company of Illinois ("Progressive") has filed a Complaint for Declaratory Judgment against Fairfield Motor Services ("Fairfield") and SCA Tissue North America, LLC ("SCA"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. Because Progressive's counsel, though regular federal court practitioners, have inexplicably failed to establish the required diversity in a proper manner, this sua sponte memorandum order is issued to dismiss both the Complaint and this action--but without prejudice, as explained hereafter.

It is of course fundamental that subject matter jurisdiction is a threshold inquiry for every federal court--among the many cases establishing that to be the first order of business in a newly-filed action, see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) and <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998). And as <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005) has made clear, that

issue calls for sua sponte treatment:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

Here Progressive's counsel properly identify their client's dual corporate citizenship as sited in Ohio (Complaint ¶2). As to Fairfield, though, Complaint ¶4 asserts on information and belief that such dual citizenship is Illinois-based. That assertion is frankly suspect, because if Fairfield's name is truly "Fairfield Motor Services" as the Complaint asserts, it lacks the corporation indicium required under the Illinois Business Corporation Act (see 805 ILCS 5/4.05(a)(1)).

That apparent deficiency may perhaps be somewhat speculative. What is not, though, is that as to SCA Complaint ¶3 speaks only of the jurisdictionally irrelevant factors of its state of formation and the location of its principal place of business.

It is certainly time that complaints such as the present one should trigger an automatic dismissal when counsel for a plaintiff in a diversity action clearly fails to carry the plaintiff's burden of establishing subject matter jurisdiction where any party (on either side of the "v." sign) is a limited liability company. As of July 2008 a full decade had elapsed since our Court of Appeals meticulously spelled out the requirements in that regard (Cosgrove v. Bartolotta, 150 F.3d

2

729, 731 (7th Cir. 1998), a message that our Court of Appeals has since had to repeat again and again (see, e.g., <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006) and <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 533-34 (7th Cir. 2007)) and that District Judges are compelled to repeat even more frequently.

There has to be some cost attached to the total disregard of such a long- and firmly-established jurisdictional principle. Hence this action is dismissed for want of Progressive's proper establishment of subject matter jurisdiction. Nonetheless, if a timely motion were to be filed under Fed. R. Civ. P. 59(e) demonstrating that the requisite diversity is in fact present, this Court would consider granting such a motion on condition that Progressive pay into court, as a fine, the same $350 amount that would be required as a filing fee for any newly-filed action (a separate action that Progressive's counsel would otherwise have to bring).

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:  January 14, 2009